## ISAAC M. BRAGG *versus* THE CITY OF BANGOR.

Towns may be indicted and fined for allowing their highways to become unsafe and inconvenient, although they may have no notice of the defect.

But a traveller cannot recover for injuries received in consequence of a defective highway, unless he proves that the town has *actual* "reasonable notice of the defect," although the jury may infer *actual* notice, in any case, from the circumstances proved.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding.

CASE against defendants for neglect in keeping Water street in repair.

The facts affecting the question of law decided were the following :—

The drain from the Dwinel House to the Kenduskeag stream having become out of repair, the proprietor of the house, an inhabitant of Bangor, undertook to open them ; that, while opening it, the workmen excavated under the adjacent part of the road ; that, after finding and opening the drain, the street was filled up with the gravel and dirt taken out, and it was trodden and pounded down, taking the ordinary course in such case.    The workmen intended

to leave the road safe, and supposed they did. They left it so that there was no apparent defect, on the surface of the street, but in fact the road was so left as to be defective by the excavation, made as before stated, not being fully filled up. The only notice to defendants was to the laborers upon the drain, and was the notice derived from what they did in the premises, unless notice may be inferred from the fact that, while the place was dug up in the street, it was seen by the street commissioner before it was filled up.

*J. A. Peters,* for plaintiff.

*A. G. Wakefield,* for defendants.

The opinion of a majority of the Court was drawn up by

KENT, J.—A town or city is liable to pay damages to any person injured through any defect of a highway, which the town is bound to keep in repair, on certain conditions. The liability is not absolute—is not recognized by the common law, but rests entirely on the provisions of the statute. It is not enough to show a legally laid out highway, and that the town was by statute bound to keep it in repair; that it was defective, and, that the plaintiff, using due care, received an injury solely by reason of that defect. If it had been the intention of the Legislature to hold a town responsible in all cases and at all times, for injuries received through a defective highway,—no other provision would have been required, than a simple declaration of such liability, without any condition or qualification. Such a declaration is made in § 37 of c. 18. The language of that section is—"Highways, town ways and streets, legally established, are to be opened and kept in repair so that they *are* safe and convenient for travellers with horses, teams and carriages. In default thereof, those liable may be indicted, convicted, and a reasonable fine imposed therefor."

The liability to *indictment* exists, whenever, for any cause, the way is unsafe or inconvenient. No notice or knowledge

of the defect need be proved. But § 61, under which this suit is brought, does not give a right of action on the same proof as in case of indictment. It adds a distinct and positive requirement or proviso, to be established by proof, before the plaintiff can make out a *prima facie* case. That condition is, — "if such town or persons," (obliged by law to repair the road,) "had *reasonable notice* of the defect or want of repair." Notice to the town thus becomes an essential and indispensable element in determining the liability. If the fact of due notice is not established, it is as fatal an objection as want of proof of an existing defect.

It is notice "of *the defect*" that is required. The question then is, what is notice of an existing fact? Must not the fact be known by somebody, before any person can have notice of its existence?

If we seek for the reasons on which the condition as to notice is based, it is apparent that the Legislature did not intend to hold a town liable, unless there was some fault or neglect or failure in duty by the town or its officers. This fault would be chargeable, if there was neglect. The neglect would be established, if, after "reasonable notice," the town failed to remedy the defect. Reasonable notice is such notice as gives information to the town officers, or some of the inhabitants, of the actual condition of the road. It is not necessary that those, who thus have notice of the actual condition of the way, should recognize it as a defect or themselves believe it to be such. Whether the road was unsafe and defective, in fact, is a question to be determined on trial. It is enough if the town has such notice or knowledge of the exact condition of the road. What is reasonable notice, and how long time, after such notice, a town should be allowed to repair, are questions which may arise on trial, to be determined by the Court and jury. It is true that the cases in our reports have gone a great length on the point of notice, and have, in some of them, allowed very slight evidence of notice, and that confined to a very few inhabitants, to be sufficient. In other cases, it has been left

to the jury to infer notice, from evidence of the existence of the defect, for such a length of time that it must have been observed by some of the citizens of the town. But this is not an inference of law, but a species of proof of a fact to a jury. In all these cases, necessity of notice was recognized as essential, and proof sufficient to establish the fact was required. No case has gone to the length of dispensing with the requirement of the statute as to notice.

The position taken in the opinion, drawn by Mr. Justice Davis, in this case, is in substance this, — that if there has been a want of due care on the part of a town in making or in keeping a road safe, it is no excuse that the inhabitants did not in fact know it was unsafe, i. e. did not know its actual condition. Does not this rule dispense with proof of notice in all cases, and place the liability entirely on the fact that a defect existed at the time and place of injury? It may be said that this should be the law. But the difficulty is, that the statute does not hold the town answerable, unless it has had notice. These words mean something more than that a town might have had notice, by diligence and care, or ought to have taken notice. The question still returns, did the town, in fact, have such notice? Grant that very slight evidence of notice may be sufficient, — that it may be established by proof that but one or two of the inhabitants, and they not among the principal inhabitants or tax payers, saw or knew of the defect, and that a jury may be satisfied of the fact, by evidence of a long continued existence of an obvious and patent defect, in a road daily or often used by the inhabitants and others; yet the proof of the fact has never been dispensed with. It cannot be, so long as the present statute is in force.

In the case before us, it is clear that there was a defect existing, — hidden from view on the surface, and that no person had any knowledge that a defect existed, or of the actual condition beneath the surface which rendered the way unsafe for travellers. It would seem to be a plain proposition that a town could not have reasonable notice of a de-

fect of the existence of which no living person had any knowledge. The street commissioner knew that the drain had been opened—and probably he saw that it had been filled up in the usual manner. The workmen, who are not described as citizens of Bangor, knew only the same facts. They did not know or see or believe that any excavation under the adjacent part of the road existed and remained unfilled. They "had trodden and pounded down the earth, which had been taken out and replaced, and they intended to leave the road safe, and supposed they did so leave it." If the case turned upon the question of the use of ordinary care on the part of the town, or the party excavating, it might be a grave question whether there had been any want of such care. But we are not considering that point. Assuming all that can be claimed as to the existence of the defect, and that it was the sole cause of the injury, and that the town was obliged to keep the way safe, so far as the state was concerned, yet there is one fatal objection to the maintenance of the action by a private person. The city had no notice of the existence of any defect.

The illustration given in the argument of the defendants' counsel is correct and to the point. A bridge falls, or a culvert gives out, and they are repaired by using, apparently, sound and proper timber. But it is shown, afterwards, that a stick of that timber had a latent defect, not visible, and a person is injured by the falling of the bridge or culvert, occasioned by such concealed defects. Could the town be said to have had reasonable notice of such defect? A similar case is that of a small culvert across the road, the surface being of earth and smooth to all appearance, but, the small timbers or planks having given way, the water had gradually and imperceptibly washed away the earth, so that a mere crust remained beneath the surface. No person had ever looked into the culvert, and no one knew of its dangerous condition. A horse breaks through this smooth and apparently safe highway. Here we have all the elements necessary to charge the town, except notice,—a legal way

Bragg v. City of Bangor.

— clearly unsafe — an injury caused thereby, without fault on the part of the driver, and a neglect to repair. But would any one contend that the town had the notice required by the statute?

The fallacy of the argument for the plaintiff is in assuming that a neglect of the town, in not keeping its roads safe, or in not exercising sufficient care in ascertaining, or remedying any latent defects, are sufficient to charge the town in case of an injury. These may be grave faults, and, if the Legislature had seen fit to hold towns liable for these causes alone, we, of course, should not question its right so to do, nor the binding force of such enactment. But it has not seen fit so to declare. It has not imposed on towns the liability of insurers, or that of common carriers of passengers for hire, who may be held liable for even latent and concealed defects, if the utmost care and most searching examination might have detected them. It has added the clearly expressed condition that the town has had reasonable notice of the defect. The Court cannot ignore or nullify this provision. Notice of a fact implies knowledge of the existence of the fact, brought home to the party to be charged, either by his own observation, or by declarations made to him by those who have seen or known it. Mere neglect of duty in other particulars cannot supply the place of such notice or knowledge. Like any other distinct and substantive fact, required to charge a party, it must be affirmatively proved, by evidence which the law deems sufficient.

*Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, WALTON and DANFORTH, JJ., concurred.

DAVIS, DICKERSON and BARROWS, JJ., dissented.

DAVIS, J. — Cities and towns are required by the statute to keep the streets and ways in repair, "so that they are safe and convenient for travellers with horses, teams and carriages." R. S. c. 18, § 37. For want of reasonable diligence and care in the performance of this duty, they are

liable to be indicted, and fined. *State* v. *Fryeburg*, 15 Maine, 405. And if, through any defect or want of repair, "of which they have had reasonable notice," any person is injured, they are liable for the damages occasioned thereby. R. S. c. 18, § 61.

As to what is a "reasonable notice," there has been much discussion. It is sometimes a difficult question; but as it is a mixed question of law and fact, each case must be determined upon its own facts. It is important to bear in mind, however, that *time* is not the only, nor the principal element in such a notice. In fact, towns are sometimes liable for defects of which the inhabitants have no *actual* notice. And, in such cases, the element of *time* applies only to the *existence of the defect*. Has it existed so long, or under such circumstances, that the town, with reasonable care and diligence, *might have known it*. If so, the town being responsible for the safe condition of the road, has *constructive* notice of the defect, and cannot escape its liability on the ground that there was no *actual* notice. *Drury* v. *Worcester*, 21 Pick., 44.

Reasonable care and diligence are required on the part of towns, as well to *prevent* defects, as to repair them when they occur. For this purpose, they are required annually to raise money, and to appoint *surveyors*, or commissioners, whose special duty it is to *examine* and repair the town and highways, and keep them constantly in a good and passable condition, in summer and in winter. As it is their duty to look after and keep themselves informed in regard to the condition of the roads, they cannot plead ignorance in excuse for any defect which proper care and diligence would have brought to their knowledge. "Because," says SHAW, C. J., in *Reed* v. *Northfield*, 13 Pick., 94, "this degree of care and diligence they are bound to exercise; and therefore, if, in point of fact, they do not know of such defect, when by ordinary and due vigilance and care they would have known it, they must be responsible, as if they had actual notice."

And the same principle applies to the manner in which a defective way is repaired, or a new one constructed. Reasonable care and diligence must be used to make it safe. And, if there is negligence in this respect, it is no sufficient excuse that the inhabitants did not in fact know that it was unsafe. Because, in every case where such care and diligence would have made the way safe, and the defect is the result of negligence, reasonable notice must be presumed. If workmen employed by the town to construct or repair a watercourse, by their negligence and want of proper care, leave it unsafe, though they do not in fact know it to be unsafe, it would be in violation of the whole spirit of the statute to hold that the town had no notice of the defect. *Horton* v. *Ipswich*, 12 Cush., 488.

In the case at bar, the drain from the Dwinel House being defective, the proprietor dug up a portion of the adjacent street in order to repair it. By the city ordinances, as well as by a general statute, he had no right to do this "without the consent of the municipal officers." R. S., c. 16, § 1. While the work was in progress it was seen by the street commissioners, and they do not appear to have interfered with it. What an inhabitant of the city was thus permitted to do, and known to have done, in a public street, the city must be held responsible for, so far as it affected the safety and convenience of the way. The city was as much bound to have the street kept and left safe for travellers, as if all that was done had been done by its own agents. The municipal officers permitted the drain to be opened under the street; and having knowledge of the fact, and not preventing it, they were bound to use due care to have it so restored as to be safe.

That the street was left defective when the excavation was filled up is not denied. There can be no doubt that reasonable care and diligence would have rendered it safe. It would be absurd to suppose, when it was so filled up as not to be safe at the time, that it was not the result of negligence. And having had notice of the original defect, if any

notice of their own negligence in repairing it was necessary, it ought to be presumed. But I do not think any new notice was necessary.

DICKERSON and BARROWS, JJ., concurred.